693 P.2d 580

**In the Matter of Anthony J. AYALA Attorney at Law.**

**No. 15277.**

Supreme Court of New Mexico.

Nov. 8, 1984.

Reconsideration Denied Jan. 25, 1985.

Barry Viuker, Chief Counsel Disciplinary Bd., Albuquerque, for Bd.

Joseph N. Riggs III, Albuquerque, for respondent Ayala.

**ORDER**

This matter having come before this Court on September 19, 1984 after completion of disciplinary proceedings conducted pursuant to NMSA 1978, Rules Governing Discipline (Repl.Pamp.1983), wherein Attorney Anthony J. Ayala was found to have engaged in four acts of misconduct, the Court adopts the findings and recommendations of the Disciplinary Board. Attorney Ayala's acts of misconduct included subornation of false statements, intimidation of witnesses, dishonesty, and intentional misrepresentations to the Disciplinary Board in the form of false statements made to the Board in the regular course of these proceedings.

During June, 1982, Mr. and Mrs. John Reed sued Mr. and Mrs. Douglas Martin for damages allegedly incurred in a barroom fight. The Martins filed a counterclaim for damages. On June 29, 1982, counsel for the Reeds telephoned Attorney Ayala, who was representing the Martins, and asked Ayala if the Martins would assist in John Reed's appeal of his criminal conviction. Martin had been the complainant and main witness at Mr. Reed's criminal trial. During that telephone conversa-

tion, Ayala told his adversary counsel that his clients would be willing to assist in Reed's appeal if the Reeds agreed to pay the Martins $600.00 in settlement of their counterclaim in the civil suit. The attorney for the Reeds agreed to this proposal on behalf of his clients and immediately prepared and sent a letter enclosing a check for $600.00 from his clients and two affidavits of nonprosecution which Ayala had dictated over the phone. In July, 1982, as the result of a complaint filed by the Reeds, the Disciplinary Board commenced an investigation of allegations that Ayala had acted improperly in the settlement of the civil suit by cashing the $600.00 settlement check without obtaining his clients' signatures on the affidavits of nonprosecution. On July 22, 1982, Ayala telephoned the attorney who had represented the Reeds and informed him that he was concerned that the Disciplinary Board would find that he had improperly used the Reeds' desire for the Martins' cooperation as a lever to settle the civil case for $600.00.

During the telephone call on July 22, 1982, Ayala asked his former adversary to write a letter to the Disciplinary Board falsely stating that during their telephone conversation on June 29, 1982, in which the agreement to settle the civil case was reached, the appeal of Mr. Reed's criminal case was never mentioned. Ayala offered to refund $600.00 to his adversary's client if opposing counsel would write the letter as requested by Ayala. After the attorney sent Ayala a copy of the letter he had written to the Disciplinary Board, Ayala telephoned the other attorney and asked him to amend the letter and, when the attorney refused, Ayala threatened to implicate that attorney in the purported misconduct. Such conduct violates NMSA 1978, Code of Prof.Resp.Rules 1–102(A)(4), 1–102(A)(5), and 1–102(A)(6) (Repl.Pamp. 1982).

On June 24, 1982, Ayala, while representing Armando Williams in *State v. Williams,* Criminal Cause No. 35373, then pending before the District Court for the Second Judicial District, telephoned Nels Carman, the alleged victim and principal prosecution witness in *State v. Williams.* In that telephone conversation, Ayala attempted to persuade Mr. Carman to assert his right not to testify under the Fifth Amendment to the United States Constitution by telling him that he was as guilty of the crime of aggravated battery as was Williams. Witnesses had told Ayala that Mr. Carman sold quaaludes and cocaine, and that he was responsible for the pregnancy of a minor. Ayala then stated that his client would not press charges against Mr. Carman for battery, possession and sale of drugs, nor statutory rape if he would refuse to testify by asserting his Fifth Amendment right. If he agreed, Ayala promised to obtain for Mr. Carman an attorney free of charge. He also promised that all of Mr. Carman's medical bills would be paid and a plastic surgeon would be provided to remedy any scars from the incident. Finally, he offered to compensate him for any work time he had missed. Ayala's conduct violates NMSA 1978, Code of Prof.Resp.Rules 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), and 7–109(C) (Repl.Pamp.1982).

On or about July 3, 1982, Ayala prepared an affidavit for signature by one of his clients, Mr. Timothy Kennaman. Mr. Kennaman had been present in Ayala's office during the telephone conversation between Ayala and Mr. Carman on June 24, 1982, and had overheard Ayala's side of that telephone conversation. The affidavit prepared by Ayala contained several statements which Ayala knew to be false. After preparing the false affidavit, Ayala asked for and obtained Mr. Kennaman's signature on the affidavit. Mr. Kennaman falsely swore that he did not hear Ayala tell Mr. Carman that if he did not testify, his medical bills would be paid. Such conduct violates NMSA 1978, Code of Prof. Resp.Rule 1–102(A)(4), 1–102(A)(5), and 1–102(A)(6) (Repl.Pamp.1982).

While under investigation for his conduct with respect to those matters involving the testimony of his client, Timothy Kennaman, Ayala paid money to Mr. Kennaman and sent gifts to him in an effort to buy his

silence concerning Ayala's misconduct. In furtherance of this deceitful conduct, Ayala twice visited Mr. Kennaman at the state penitentiary and assisted Mr. Kennaman in writing letters to the Chairman of the Disciplinary Board, the Chief Disciplinary Counsel for the Disciplinary Board, and the Chairman of the Disciplinary Board's hearing committee, which stated Mr. Kennaman's intention not to cooperate as a witness. Ayala's conduct violates NMSA 1978, Code of Prof.Resp.Rules 1–102(A)(4), 1–102(A)(5), and 1–102(A)(6) (Repl.Pamp. 1982).

Attorney Ayala's subornation of false statements from a fellow attorney and from his client, Mr. Kennaman, his intimidation of Mr. Carman and the same fellow attorney, and his efforts to purchase Mr. Kennaman's silence are actions contrary to the honesty and integrity with which every attorney should conduct himself when dealing with his clients, other attorneys, and the public at large. Attorney Ayala's conduct involves dishonesty, fraud, deceit, and misrepresentation which is prejudicial to the administration of justice. Ayala also engaged in conduct which adversely reflects upon his fitness to practice law by offering compensation to a witness contingent upon the content of the witness's testimony.

This matter first came before this Court on February 29, 1984, at which time Ayala was temporarily suspended from the practice of law and the matter remanded for a hearing on the issue of mitigation. A mitigation hearing was held on May 4, 1984, at which time three clinical psychologists and a psychiatrist testified about Ayala's mental state. All agreed that Ayala's alcoholism was not a cause of the volitional actions which constitute the subject matter of these proceedings. The hearing committee recommended that Ayala be suspended from the practice of law for two additional years.

■ The Disciplinary Board panel that reviewed the recommendations of the hearing committee recommended that Ayala be disbarred. Accordingly, whenever an at-

torney is found to have engaged in intentional conduct involving dishonesty, deceit, or misrepresentation, there is a strong indication that that person is unfit for membership in the Bar of the State. A lawyer's license to practice is a representation that the holder is one who can be trusted to act with honesty and integrity. In Ayala's case, his misconduct is too serious for this Court not to impose disbarment.

IT IS THEREFORE ORDERED that Ayala be and hereby is disbarred and his license to practice law in New Mexico is revoked upon filing of this Order.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court forthwith strike the name of Anthony J. Ayala from the roll of those persons permitted to practice law in New Mexico and that this Order be published in the *New Mexico Reports* and in the State Bar of New Mexico *News and Views*.

The costs of this proceeding in the amount of $6,762.43 are hereby assessed against Ayala.

IT IS SO ORDERED.

/s/ William R. Federici
WILLIAM R. FEDERICI, Chief Justice

/s/ Dan Sosa, Jr.
DAN SOSA, JR., Senior Justice

/s/ William Riordan
WILLIAM RIORDAN, Justice

/s/ Harry E. Stowers, Jr.
HARRY E. STOWERS, JR., Justice

/s/ Mary C. Walters
MARY C. WALTERS, Justice