710 P.2d 736

**In the Matter of L.A. "Skeet" McCUL-LOCH an Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 16089.**

Supreme Court of New Mexico.

Dec. 17, 1985.

Virginia Ferrara, Chief Disciplinary Counsel, Albuquerque, for board.

Ron Koch, Albuquerque, for respondent.

## OPINION

PER CURIUM.

This matter having come before this Court after disciplinary proceedings initiated pursuant to NMSA 1978, Rules Governing Discipline, Rule 12 (Repl.1985), wherein Attorney L.A. "Skeet" McCulloch was summarily suspended from the practice of law on June 12, 1985, for conduct involving dishonesty, misrepresentation and moral turpitude, the Court adopts the stipulated admission and consent to disbarment and accepts the Board's recommendation that McCulloch be disbarred from the practice of law.

On May 21, 1985, McCulloch pled guilty to crimes of tampering with evidence (a felony) contrary to NMSA 1978, Section 30–22–5 (Repl.Pamp.1984) and in making a false report (a misdemeanor) contrary to NMSA 1978, Section 30–39–1 (Repl.Pamp. 1980) in Cause No. CR–38478 before the District Court of the Second Judicial District of New Mexico. These crimes arose out of a situation involving a woman for whose affections McCulloch was engaged in competition with another attorney. In an effort to either discredit his competitor in the eyes of this woman or, alternatively, to deprive his competitor of the freedom needed to pursue his intentions, McCulloch placed some cocaine in a vehicle owned by his rival and informed law enforcement officers that he suspected the man was dealing in narcotics. A search of the vehicle produced a package of cocaine stuffed into a sock; hair samples found in the sock, however, matched hair samples later taken from McCulloch under court order. McCulloch had also been observed entering the vehicle prior to the search. In exchange for McCulloch's guilty plea six other charges, involving possession of cocaine and auto burglary, were dropped.

Disciplinary charges were filed alleging violations of NMSA 1978, Code of Prof., Resp. Rules 1–102(A)(3), 1–102(A)(5) and 1–102(A)(6) (Repl.1985). McCulloch filed no answer denying the allegations but did file a stipulated admission and consent to disbarment pursuant to NMSA 1978, Rules Governing Discipline, Rule 16 (Repl.1985). Disciplinary counsel approved the stipulation, as did the hearing committee and the Disciplinary Board.

We agree that disbarment is the appropriate sanction under the circumstances. An attorney is sworn to uphold the law. When he acts to subvert the very system he has pledged to serve, it is obvious that he should no longer be allowed to practice law. This would be true even absent a criminal conviction.

IT IS THEREFORE ORDERED that McCulloch be and hereby is disbarred, and his license to practice law in New Mexico is revoked.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike forthwith, the name of L.A. "Skeet" McCulloch from the roll of those persons permitted to practice law in New Mexico and that this Opinion be published in the *New Mexico Reports* and in the State Bar of New Mexico *News and Views*.

In that this proceeding involved no costs, none are assessed against McCulloch.

IT IS SO ORDERED.

WILLIAM FEDERICI,
Chief Justice

DAN SOSA, Jr.,
Senior Justice

544

WILLIAM RIORDAN,
Justice
HARRY E. STOWERS, Jr.,
Justice
MARY C. WALTERS,
Justice