731 P.2d 953

**In the Matter of Rogan THOMPSON an Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 16775.**

Supreme Court of New Mexico.

Jan. 26, 1987.

Virginia Ferrara, Chief Disciplinary Counsel, Albuquerque, for Board.

Shannon Robinson, Albuquerque, for respondent.

**OPINION**

PER CURIAM.

This matter is before the Court after disciplinary proceedings wherein attorney Rogan Thompson agreed not to contest allegations that he had engaged in various acts of misconduct. On condition that Thompson receive as a sanction an indefinite period of suspension of not less than five years, the Court adopts the recommendations of the Disciplinary Board and accepts the stipulations agreed to by Thompson and disciplinary counsel.

The uncontested facts concern business transactions wherein Thompson was entrusted with large sums of money by several individuals.

In one transaction, Thompson agreed in April 1985 to act as an escrow agent for John and Barbara Stromberg in connection with their building a home in Thompson's neighborhood. Under the terms of this agreement with Strombergs, Thompson was co-signor on an account wherein Strombergs deposited one hundred thousand five hundred dollars ($100,500.00), to be paid to the contractor, an acquaintance of Thompson.

Everything apparently proceeded according to the agreement until November 1985, when Strombergs complained to the Disciplinary Board that Thompson could not be located and that they were unable to withdraw funds to complete payments to the contractor. Additionally, some of the checks previously issued had been made payable to both Thompson and the contractor, and Strombergs desired some accounting of how this money had been spent.

During the course of the investigation into this complaint, the Disciplinary Board learned that shortly after having entered into the agreement with Strombergs, Thompson negotiated a personal loan from Moncor Bank and pledged the money in Strombergs' account as collateral for the loan. He never advised Strombergs of his actions or requested their permission to use their account in this manner. On January 6, 1986, Thompson's note became due at Moncor, and the money remaining in the Stromberg account was applied to this debt. Strombergs learned of this only when they received their monthly statement on January 13, 1986, and they quickly demanded immediate repayment from Thompson. Thompson promptly reimbursed the account and subsequently accounted for all monies previously paid to him and the contractor.

Thompson acknowledges that surreptitiously pledging Strombergs' funds as collateral for his personal loan and his general course of conduct in this matter violated NMSA 1978, Code of Prof.Resp.Rules 1–102(A)(4) and 1–102(A)(6) (Repl.Pamp.1985). That these actions occurred outside the realm of Thompson's practice of law is of no consequence. The public has a right to expect that attorneys licensed by this Court can be trusted to deal honestly at all times.

A second instance of misconduct by Thompson occurred when a former client, Cedric P. Drake, was killed in an airplane crash. Drake's widow Roberta sought Thompson's advice concerning how to invest the proceeds of a life insurance policy to provide maximum protection for her and her children. Thompson suggested she give the money to him to invest on her behalf. Relying on Thompson's expertise as a lawyer and trusting his integrity, Mrs. Drake gave him nearly one hundred eleven thousand dollars ($111,000) to invest.

Thereafter, despite repeated requests from Mrs. Drake, Thompson provided no accounting to her of the money in his possession. He issued several promissory notes to her and delivered to her a mortgage for the purpose of securing the notes. Only when she retained an attorney and filed suit against him, however, did Thompson return the money. At least part of Mrs. Drake's money was invested by Thompson in a corporation in which he had an ownership interest, although he never disclosed this fact to Mrs. Drake. This conduct violates NMSA 1978, Code of Prof. Resp.Rules 1–102(A)(4), 1–102(A)(6), 5–104(A), 7–101(A)(3), 9–102(A), 9–102(B)(3) and 9–102(B)(4) (Repl.Pamp.1985).

Ordinarily, when an attorney engages in intentional conduct involving dishonesty, he or she is disbarred. *Matter of Duffy*, 102 N.M. 524, 697 P.2d 943 (1985); *Matter of Ayala*, 102 N.M. 214, 693 P.2d 580 (1984). This is true even where restitution has been made to persons injured by the lawyer's misconduct. *Matter of Stewart*, 104 N.M. 337, 721 P.2d 405 (1986). In the instant case, however, it is unclear whether Thompson's actions were intentional acts of deceit designed to enrich himself or the result of a careless disregard for his responsibilities as a fiduciary. Apparently the hearing committee and the Disciplinary Board gave Thompson the benefit of the doubt in view of his having made full restitution to all concerned and in view of his cooperation in acknowledging his misconduct and agreeing to accept the consequences of his actions. We also note that the recommended period of suspension is for a period of at least five years. We accept the Board's recommendation and approve the stipulation.

IT IS THEREFORE ORDERED that Rogan Thompson be, and hereby is, suspended indefinitely from the practice of law pursuant to NMSA 1978, Rules Governing Discipline, Rule 11(a)(3) (Repl.Pamp.1985).

IT IS FURTHER ORDERED that Thompson may not apply for reinstatement to the practice of law for a period of at least five (5) years from the date of this order. At any reinstatement hearing held at that time, Thompson will have the burden of demonstrating not only that he has the requisite moral qualifications and fitness to resume the practice of law and that his readmission would not be detrimental to the integrity of the bar and the public interest, but also that he has taken and received a passing grade on the Multistate Professional Responsibility Examination.

IT IS FURTHER ORDERED that Thompson file with this Court on or before January 19, 1987, evidence of his compliance with all of the requirements of NMSA 1978, Rules Governing Discipline, Rule 17–212 (Recomp.1986).

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Rogan Thompson from the roll of those persons permitted to practice law in New Mexico and that this Opinion be published in the State Bar of New Mexico *News and Views* and in the *New Mexico Reports.*

Costs of these proceedings in the amount of $858.33 are assessed against Thompson and should be paid to the Disciplinary Board on or before March 31, 1987.

IT IS SO ORDERED.

RANSOM, J., not participating.