742 P.2d 510

**In the Matter of Bruce G. STAFFORD, An Attorney Suspended from the Practice of Law.**

**No. 17235.**

Supreme Court of New Mexico.

Sept. 10, 1987.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Board.

Bruce G. Stafford, Santa Fe, pro se.

**OPINION**

PER CURIAM.

This matter is before the Court following a reinstatement proceeding conducted pursuant to SCRA 1986, 17–214(D), wherein Bruce G. Stafford (Stafford) petitioned for reinstatement following a period of indefinite suspension imposed by this Court in June 1983. The hearing committee and the Disciplinary Board have recommended that Stafford's petition be denied. We agree.

The original charges against Stafford involved the neglect of a legal matter entrusted to him; the use of physical force against opposing counsel during a deposition; and conduct which reflected adversely upon Stafford's fitness to practice law. The Court followed the Board's recommendation that Stafford be publicly censured. A hearing was scheduled and Stafford was sent notice of the hearing at his address of record on file. Stafford failed to appear. The Court then issued an order giving Stafford thirty days to appear for censuring and show cause why he should not make restitution to the victims of his misconduct. Stafford also was ordered to pay the costs of the proceeding to the Disciplinary Board. A second copy of this order was sent to Stafford's address of record. When Stafford failed to respond in any way to the directions of the Court, his license to practice law was suspended.

In Stafford's petition for reinstatement, he alleged that full restitution had been made to his client and that substantial restitution had been made to the attorney he attacked. Stafford also alleged that he was prepared to pay costs to the Disciplinary Board. Stafford claimed that he received no notice of the 1983 hearings. He also stated that he has not been engaged in the practice of law since May 23, 1983, but has remained current in knowledge of the law and has kept abreast of recent developments.

At the hearing on his petition, Stafford called no witnesses and presented questionable documentation of his claims that he had made restitution. An undated and unnotarized "receipt" supposedly representing payment of the debt was only for a portion of the amount owed and was signed by someone other than his client. On cross-examination it was revealed that Stafford's restitution to the attorney was actually payment by a bank in response to a garnishment proceeding brought by the attorney to satisfy the judgment against Stafford.

Stafford acknowledged before the hearing committee that his failure to receive the notices of hearing in 1983 was probably due to his failure to collect his mail on a regular basis. Stafford admitted that his answers to questions on the reinstatement questionnaire were incomplete, but claimed that this was an oversight. Stafford made no showing of any plan to reenter practice in a manner which would eliminate the danger of past inadequacies. The only proof that Stafford kept abreast of legal developments was his own unsubstantiated claim that he had occasionally borrowed bar bulletins from a friend.

This Court has a duty to insure that attorneys licensed to practice law are indeed qualified to do so, both in terms of good morals and education. An attorney who has been found lacking in these attributes bears a heavy burden when he seeks reinstatement, and must show clearly and convincingly that the deficiencies which led to his suspension or disbarment have been remedied.

Stafford has shown no remorse for his past misconduct; neither has appropriate restitution been made. While expressions of remorse and restitution do not justify reinstatement absent other evidence of rehabilitation, they are certainly evidence in a suspended attorney's favor. Where one is unable financially to make restitution, full payment might not necessarily be a precondition for reinstatement. However, where restitution is at issue, an applicant for reinstatement should be prepared to disclose his financial situation and present in good faith a realistic plan for making payments once the financial problems are alleviated. Stafford's statements that he has made restitution are less than honest, and his answers to questions on the questionnaire concerning his financial status are incomplete and evasive. Such misleading responses obstruct investigation into an attorney's present fitness to practice law and are inconsistent with the attorney's obligations of truthfulness and candor.

Stafford has the burden of demonstrating that his readmission poses no danger to the public, the profession, or the administration of justice. *See* SCRA 1986, 17–214. A mere statement of a desire to

**300**

engage in the practice of law does not satisfy this requirement. There is no evidence that Stafford has taken or plans to take CLE courses regarding law office management. There is also no showing of a real commitment to stay abreast of current developments in the law. Simply reading an occasional borrowed bar bulletin does not suffice to show an awareness of recent legal developments. An attorney seeking readmission should attend seminars designed to acquaint attorneys with the present state of the law.

IT IS THEREFORE ORDERED that the petition for reinstatement to the practice of law by Bruce G. Stafford be denied as of August 19, 1987. Pursuant to SCRA 1986, 17–214(B)(2), he may not petition again for reinstatement prior to the expiration of a twelve month period commencing on the date of his denial.

IT IS FURTHER ORDERED that this opinion shall be published in the State Bar of New Mexico *News and Views* and in the *New Mexico Reports.*

Costs of this proceeding in the amount of $410.75 are assessed against Stafford and must be paid to the Disciplinary Board before the filing of any subsequent petition for reinstatement.

IT IS SO ORDERED.