758 P.2d 790

**In the Matter of Earl E. HARTLEY, An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 17747.**

Supreme Court of New Mexico.

Aug. 2, 1988.

## OPINION

This matter is before the Court after disciplinary proceedings held pursuant to SCRA 1986, 17–211 wherein Earl E. Hartley agreed not to contest allegations that were set forth in two consolidated Specifications of Charges. The Court adopts the recommendation of the Disciplinary Board Panel, accepts the stipulations agreed to by Hartley and disciplinary counsel, and hereby suspends Hartley indefinitely from the further practice of law.

Hartley was Treasurer for the State of New Mexico from July 1983 through November 1984. During his tenure as Treasurer, the 1984 Western States Treasurers Conference was held in New Mexico. In his capacity as host-state treasurer, Hartley solicited and received approximately $62,675.00 from various banks, financial institutions, and individuals in addition to the $7,500.00 advanced by the Western States Treasurers Association for the conference. The disciplinary charges that were filed against Hartley arose from his appropriating a portion of those funds to his own use.

The monies that Hartley collected on behalf of the Conference were deposited into two accounts. The expenses of the Conference totaled approximately $41,545.00, and the $21,130.00 in excess of the expenses incurred was the lawful property of the Western States Treasurers Association.

During the summer of 1984, Hartley wrote a letter to the President of the Western States Treasurers Association and enclosed a check for $10,000.00, which he represented as a return of the Association's $7,500.00 advance plus profits; he retained some money to pay bills of the Conference that were then outstanding. Hartley then paid certain personal expenses in the approximate amount of $4,328.00 from the remaining funds belonging to the Western States Treasurers Association and derived from the 1984 Western States Treasurers Conference. Those "expenses" were not in furtherance of or related to the business of the Western States Treasurers Association or the 1984 West-

ern States Treasurers Conference or even to Hartley's duties as New Mexico State Treasurer.

Hartley caused a second check to be paid to the "Western Treasurers Association" in the amount of $2,091.08 during October of 1984. By sending this check, Hartley led the President of the Western States Treasurers Association into believing that the Association had received the net proceeds of the 1984 Western States Treasurers Conference. In fact, however, approximately $7,600.00 of the proceeds from the conference was retained by Hartley in a second bank account in New Mexico unbeknownst to the Association.

Criminal proceedings were subsequently brought against Hartley, and he was ordered to make restitution to the Western States Treasurers Association in the amount of $4,300.00 in conjunction with his guilty plea. He made restitution by writing a check from his attorney trust account. It was later learned that the funds contained in the trust account were actually Hartley's personal assets.

Hartley admittedly violated NMSA 1978, Code of Prof. Resp., Rules 1–102(A)(6) and 9–102(A) (presently SCRA 1986, 16–804[H] and 16–115[A]) when he engaged in this conduct. We also note that such conduct would be violative of NMSA 1978, Code of Prof. Resp., Rules 1–102(A)(3) and 1–102(A)(4) (presently SCRA 1986, 16–804[B] and [C]).

Generally, when an attorney engages in intentional conduct involving dishonesty, he or she is disbarred. See *Matter of Duffy*, 102 N.M. 524, 697 P.2d 943 (1985); *Matter of Ayala*, 102 N.M. 214, 693 P.2d 580 (1984). This is true even where restitution has been made to persons injured by the lawyer's misconduct. *Matter of Stewart*, 104 N.M. 337, 721 P.2d 405 (1986). In the instant case, however, we take into consideration the facts that Hartley is seventy-five years of age, has not practiced law for ten years, and has expressed his intention never to practice law again. The Court concludes that the public interest will be adequately protected by the proposed sanction and that the more severe sanction of disbarment would serve no purpose other than retribution. As we have previously noted on frequent occasions, the purpose of attorney discipline is not to punish the attorney.

IT IS THEREFORE ORDERED that Earl E. Hartley be, and he hereby is, suspended indefinitely but for a minimum of five (5) years from the practice of law pursuant to SCRA 1986, 17–206(A)(3) effective August 2, 1988. Should he ever decide to petition for reinstatement after that period, said reinstatement will not be automatic but shall occur only after a reinstatement proceeding conducted pursuant to SCRA 1986, 17–214 where Hartley will have the burden of demonstrating by clear and convincing evidence that he has the requisite moral qualifications and is once again fit to resume the practice of law. Any petition for reinstatement must be accompanied by a showing that Hartley has taken and passed the Multistate Professional Responsibility Examination and that he has reimbursed the disciplinary board its costs in bringing this action.

IT IS FURTHER ORDERED that Hartley shall file with this Court on or before *(10 days from effective date of suspension)* evidence of his compliance with all the requirements of SCRA 1986, 17–212 and serve a copy of his affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Earl E. Hartley from the roll of those persons permitted to practice law in New Mexico and that this Opinion be published in the State Bar of New Mexico *News and Views* and in the *New Mexico Reports*.

Costs of these proceedings in the amount of $75.24 are hereby assessed against Hartley and must be paid to the Disciplinary Board on or before October 1, 1988.

IT IS SO ORDERED.

(s) Tony Scarborough
TONY SCARBOROUGH, Chief Justice

(s) Dan Sosa, Jr.
DAN SOSA, JR., Senior Justice

(s) <u>Mary C. Walters</u>
MARY C. WALTERS, Justice

(s) <u>Richard E. Ransom</u>
RICHARD E. RANSOM, Justice