810 P.2d 1237

**In the Matter of Daniel R. LINDSEY, Esq. An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 19771.**

Supreme Court of New Mexico.

May 7, 1991.

Charles A. Wyman, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Daniel R. Lindsey, pro se.

## OPINION

PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 to –316 (Repl.Pamp. 1988 & Cum.Supp.1990), in which attorney Daniel R. Lindsey was found to have committed various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 to –805 (Repl.Pamp.1988 & Cum.Supp. 1990). We adopt the Disciplinary Board's findings of fact and conclusions of law. However, for reasons stated below, we exercise our authority pursuant to Rule 17–316(D)(3) to impose greater discipline than that which was recommended by the Board.

The disciplinary charges in this matter arose out of Lindsey's representation of the State of New Mexico in the prosecution of a defendant accused of driving while under the influence of alcohol. A jury trial was scheduled in Magistrate Court in Curry County on July 11, 1990. On the morning of trial, Lindsey knew that the only police officer (Officer Howell) who had handled the defendant's arrest did not intend to appear as a witness because he had moved out of state and already had advised Lindsey that he would not return for the case. The trial was scheduled to begin at 9:00 a.m. and a jury venire had been summoned. At approximately 8:30 a.m., Lindsey contacted the Clovis Police Department and advised the dispatcher that he would need a police officer to appear at the Magistrate Court by 9:00 a.m. with reference to a possibly violent defendant. Officers Salguero and Tomei were dispatched to the court.

When Lindsey arrived at the court he advised the police officers that he had requested their assistance. He instructed Officer Tomei to take off his name tag. Lindsey then began referring to him as "Officer Howell," particularly when the defendant or his counsel came within earshot. Lindsey gave Officer Tomei some paperwork and Officer Salguero's intoximeter certification card, and talked to him as though he were familiar with the case. The magistrate judge saw Lindsey talking to the officers and asked him if his witness had arrived from Pampa, Texas, because Lindsey had informed the judge by phone earlier in the morning that he might have a problem with the appearance of a witness who resided in Pampa. Lindsey responded to the judge's inquiry by pointing to Officer Tomei and stating "here he is."

Next, Lindsey informed defense counsel that he did not feel well enough to try the case and he wanted to reach a plea agreement. Defense counsel conferred with his client and conveyed the prosecutor's plea offer. The defendant informed his lawyer that the police officer whom Lindsey was calling "Howell" did not appear to be the officer who arrested him. Nevertheless, because he could not be positive about his suspicion, the defendant agreed to accept the plea offer. Defense counsel informed Lindsey of his client's acceptance of the plea offer and advised the judge that they wished to present a plea agreement. Thereafter, the magistrate judge accepted the terms of the agreement and excused the jury venire.

Later, defense counsel contacted the police department in order to confirm that the arresting officer indeed had appeared for trial. Defense counsel learned that Howell

had not been a Clovis police officer for some time and had moved to Texas. Counsel then contacted the magistrate judge and prepared a motion to withdraw his client's plea. The court granted the defendant's motion, and the charge ultimately was dismissed with prejudice. In the meantime, Lindsey had reported his conduct to his superiors and to the Disciplinary Board. The entire episode concerning Lindsey's conduct was widely publicized. Local newspapers reported statements by the police chief, the district attorney, and Lindsey.

In response to the formal charges filed in this disciplinary matter, Lindsey admitted all factual allegations and admitted committing some, but not all, of the alleged rule violations. After hearing testimony by Lindsey and others concerning any mitigating or aggravating factors, the hearing committee concluded that Lindsey violated Rules 16–303(A)(2), 16–304(A), 16–304(C), and 16–308(D), in addition to those that were admitted in his formal answer, *i.e.,* Rules 16–101, 16–102(D), 16–301, 16–302, 16–304(F)(1), 16–401(A), (B), and 16–804(A), (C), (D), and (H). The hearing committee found various aggravating and mitigating facts, but recommended only that Lindsey be placed on probation for a period of eighteen months under the supervision of his employer and that he be required to pass the ethics portion of the multistate bar examination.

The hearing committee's recommendations for sanctions were reviewed by a panel of three members of the Disciplinary Board. After hearing oral argument on the nature of appropriate sanctions in the matter, the panel exercised its authority pursuant to Rule 17–315 to increase the sanctions recommended by the hearing committee. The panel recommended to this Court that Lindsey be suspended from practice for a period of eighteen months, but that such suspension be deferred upon the following terms and conditions:

(a) that Lindsey be placed on probation for eighteen months;

(b) that he take and pass the multistate professional responsibility examination;

(c) that he take and complete the American Bar Association's course entitled "Legal Ethics and Professional Responsibility, Applying the Model Rules;"

(d) that he take and complete a course on prosecutorial ethics to be approved by an attorney appointed by the Court;

(e) that upon the expiration of this period of probation, he petition the Court for reinstatement in accordance with Rule 17–214(G), including therewith a certificate of compliance with all these terms and conditions of probation; and

(f) that during the entire period of probation, he work under the supervision of an experienced attorney appointed by the Court pursuant to its orders.

While these conditions of probation appear well designed to promote Lindsey's rehabilitation and to prevent similar misconduct by him in the future, we are not persuaded under the facts of this case that the recommended deferral of suspension best serves the overriding public interest in the integrity of our system of justice. Lindsey not only abused his position of public trust, but also induced other law enforcement officers to perpetrate a fraud, both upon the court and upon the accused. His premeditated acts of deception undoubtedly have undermined the confidence of the citizens of Clovis in the good faith of their law enforcement officials.[1]

Ordinarily when an attorney licensed by this Court engages in intentional misconduct involving dishonesty, he or she has been disbarred. *See, e.g., In re Hartley,* 107 N.M. 376, 758 P.2d 790 (1988); *In re McCulloch,* 103 N.M. 542, 710 P.2d 736 (1985); *In re Ayala,* 102 N.M. 214, 693 P.2d 580 (1984); *In re Ortega,* 101 N.M.

---

1. The panel pointed out in its recommendation: "The prosecutor plays a critical role in the criminal justice system. * * * Although the prosecutor operates within the adversary system, it is fundamental that the prosecutor's obligation is * * * to guard the rights of the accused as well as to enforce the rights of the public." *See Standards for Criminal Justice* Standard 3-1.1 commentary (1979) (footnote omitted).

719, 688 P.2d 329 (1984). In addition to providing a strong deterrent to similar misconduct by other attorneys in this state, greater discipline than that previously recommended in this case will promote more uniform standards for the imposition of sanctions.[2]

For the foregoing reasons, we conclude that a period of actual suspension from practice is warranted in this matter. We therefore exercise our authority pursuant to Rule 17–316(D)(3) to impose greater discipline than that recommended by either the hearing committee or the panel. We recognize, however, that several mitigating facts were found. Lindsey immediately began to rectify the consequences of his misconduct. He has no prior record of professional misconduct and, to the extent his relative inexperience in practicing law contributed to his present misconduct, he appears to have potential for rehabilitation. For the purpose of rehabilitation, the Board's recommendations concerning the appropriate terms and conditions of probation appear adequate, and we adopt them in their entirety as ordered below.

THEREFORE, IT IS ORDERED that Daniel R. Lindsey be suspended from the practice of law for a definite period of six months, effective on the date this opinion is filed.

IT IS FURTHER ORDERED that upon the expiration of this period of suspension, Lindsey shall be placed on probation for a period of twelve months under the following terms and conditions:

(a) he shall practice under the supervision of an attorney to be appointed by the Court within thirty (30) days of the commencement of his probationary period;

(b) he shall complete a course on prosecutorial ethics approved by the supervising attorney;

(c) he shall complete the American Bar Association's course entitled "Legal Ethics and Professional Responsibility, Applying the Model Rules;"

(d) he shall pass the Multistate Professional Responsibility Examination;

(e) at the end of his probationary period, he shall petition the Court for reinstatement pursuant to Rule 17–214(G) and he shall provide proof that he has complied with all the foregoing conditions of probation; and

(f) he shall cooperate fully with his supervising attorney and the disciplinary authorities in the performance of their duties and he shall not violate any of his own duties pursuant to the Rules of Professional Conduct.

IT IS FURTHER ORDERED that within ten (10) days after the effective date of his suspension Lindsey shall file with the Court evidence of his compliance with all the requirements of Rule 17–212 and shall serve a copy of his affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED pursuant to Rule 17–206(D) that this opinion shall be published in both the *New Mexico Reports* and in the State Bar of New Mexico *Bar Bulletin* and shall be filed in the Supreme Court Clerk's office.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court shall strike the name of Daniel R. Lindsey from the roll of those persons permitted to practice law in New Mexico.

The costs of these proceedings in the amount of $1,140.77 are assessed against Lindsey and must be paid to the Disciplinary Board on or before six months from the date of this opinion.

IT IS SO ORDERED.

SOSA, C.J., not participating.

---

2. Dishonesty by a lawyer while acting in a position of public trust usually warrants suspension or disbarment. *See generally Standards For Imposing Lawyer Sanctions* (1986).