812 P.2d 358

**In the Matter of the Petition for Reinstatement of Anthony James AYALA, An Attorney Disbarred from Practice Before the Courts of the State of New Mexico.**

No. 15277.

Supreme Court of New Mexico.

June 4, 1991.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Ronald M. Valencia, Albuquerque, for petitioner.

## OPINION

PER CURIAM.

This matter is before the court following reinstatement proceedings conducted pursuant to the Rules Governing Discipline, SCRA, 1986, 17–101 to –316 (Repl.Pamp. 1988 & Cum Supp.1990), wherein Anthony James Ayala petitioned for reinstatement to the practice of law following disbarment imposed by this court on November 8, 1984. *In re Ayala*, 102 N.M. 214, 693 P.2d 580 (1984). The Disciplinary Board recommended that Ayala's petition be granted and that he be reinstated to the practice of law on a probationary basis. We agree with this recommendation.

On July 6, 1988, this court denied a previous petition for reinstatement filed by Ayala, assessed against him the costs of that proceeding, and directed that he could not petition for reinstatement again until a period of one year had elapsed. During the proceedings before the hearing committee held in February 1988, Ayala claimed remorse for his past misdeeds but by his conduct during the proceedings and his failure to appear at the afternoon session, demonstrated none. He presented no evidence that he had attended CLE programs to acquaint himself with developments in the law during the period of his disbarment, although he claimed to have read the *Bar Bulletin.* As this court previously has stated, however, simply reading an occasional *Bar Bulletin* does not suffice to show the type of commitment to stay abreast of current developments in the law, which a suspended or disbarred attorney must make when seeking reinstatement.

*See In re Stafford,* 106 N.M. 298, 300, 742 P.2d 510, 512 (1987).

Ayala presented no plan in 1988 whereby he might reenter practice in a manner that would reduce or eliminate a possible recurrence of his past misconduct. Furthermore, the testimony of a psychologist indicated that Ayala's ability to perceive reality was abnormally low, that his ability to exercise judgment on behalf of clients was impaired, that he was highly defensive, and that he had "faked" answers on the Minnesota Multi–Phasic Inventory (MMPI) to make himself look better. Despite these findings, Ayala exhibited no inclination to seek treatment for these problems. In view of Ayala's failure to demonstrate rehabilitation or fitness to resume practice in 1988, the court had no alternative but to deny his petition for reinstatement.

■ This court has an obligation to the public to insure that those to whom it grants a license to practice law are persons of good moral character who demonstrate not only a desire to serve the public but also an ability to do so in a competent manner. *See* SCRA 1986 15–102; 15–103 (Repl.Pamp 1989); *Nall v. Board of Bar Comm'rs,* 98 N.M. 172, 646 P.2d 1236 (1982). When an attorney's character has been shown to be deficient or his competency inadequate, we have not hesitated to remove that attorney from the practice of law. The mere passage of time or a statement that one wishes to resume a legal career will not suffice as a basis for reentry into the profession. The disbarred or suspended attorney who seeks to be reinstated bears a heavy burden and must demonstrate not only by words but also by deeds that he or she can undertake the practice of law without endangering the public or the reputation of the profession.

■ The petitioner now before us stands in stark contrast to the petitioner who appeared in 1988. During the present reinstatement proceedings, Ayala responded politely and thoughtfully to all questions posed to him by counsel and committee members. Family members and associates appeared and corroborated Ayala's claim that he has abstained from the use of alcohol and has been active in Alcoholics Anonymous and Al–Anon during the period of his disbarment. He has undergone psychological counseling, and both a psychologist appointed by the Disciplinary Board and Ayala's treating psychiatrist testified that the problems noted in the 1988 hearing have been greatly alleviated and that Ayala is functioning well and does not presently have any disorder that would preclude his practicing law with proper supervision. Ayala indicated in his own testimony, however, that he would like to continue with therapy designed to assist him with any remaining or persisting problems he may have.

Ayala presented testimony and other evidence to show that he is employed by the New Mexico Human Services Department as a management analyst and has performed well in that capacity. He is respected by his colleagues and has been offered a position as an attorney in the Child Support Enforcement Division if reinstated. An attorney with the division appeared before the hearing committee and testified in some detail regarding the type of supervision he could and would be willing to provide to Ayala in this work setting if he were granted reinstatement. Another attorney, who is in private practice, explained to the committee the type of guidance and supervision he would provide if Ayala were to leave the agency and resume private practice.

Ayala also presented documentary evidence to show that since 1988 he has attended well over one hundred hours of CLE programs in an effort to develop a current awareness of New Mexico law. Additionally, he showed that he had acquired and studied numerous tapes and materials from the State Bar to further acquaint himself with changes in law and procedure.

Ayala recognizes that in view of his past conduct and the length of his absence from the active practice of law, certain precautionary measures should be taken by this court to insure that he is indeed prepared to meet and capable of discharging his responsibilities to his clients and the courts before which he may practice. He agrees

that additional instruction and carefully monitored supervision would not be inappropriate and requests only to be readmitted on a probationary basis and given the opportunity to demonstrate more fully that he can and will undertake the practice of law in a manner that will benefit the public and bring no discredit upon the profession.

While the reinstatement of a disbarred attorney does not occur as a matter of course, it appears from the record before us that Ayala has carried his burden of showing that he presently has the requisite moral qualifications and is once again fit to resume the practice of law without endangering the public, the reputation of the profession, or the administration of justice. We trust that our confidence in Ayala is not misplaced and will carefully monitor his future conduct to insure that he fulfills our expectations.

It is therefore ordered that the petition for reinstatement be granted and that the disbarment of Anthony James Ayala be and hereby is converted to a suspension for an indefinite period of at least three years pursuant to Rule 17–206(A)(3). Imposition of suspension is deferred, and Ayala is placed on probation for a period of three years on the following terms and conditions:

A. That he take and pass the Multi-State Professional Responsibility Examination and that he enroll in and attend a bar review course that prepares students for admission to the New Mexico Bar;

B. That he continue employment with the Child Support Enforcement Division for a period of at least one year, provided a position is available for him during that period;

C. That he work under the supervision of James Lyons, Esq. while at the Child Support Enforcement Division;

D. That for the first six months of supervision by Lyons, Lyons or his designee will do the following:

1. Meet with Ayala on a weekly basis to discuss all pending cases that are assigned to him;

2. Review all pleadings prepared by Ayala and co-sign each such pleading;

3. Observe Ayala for any signs of problems with impulse control, stress management, work productivity, family relationships, or alcohol abuse and report any such problems to disciplinary counsel immediately; and

4. Provide written progress reports to disciplinary counsel on a monthly basis;

E. That after six months, Lyons or his designee will continue to meet with Ayala and observe his performance but will provide supervision only to the extent Lyons believes necessary and report to the disciplinary counsel only in the event a problem arises;

F. That Ayala report to the disciplinary counsel any change in employment so that appropriate supervisory conditions can be arranged;

G. That he abstain from the use of alcohol and will continue to participate in Alcoholics Anonymous and, if needed, Al–Anon; and

H. That he seek therapy if he feels it would be helpful to him in achieving full rehabilitation and in showing such rehabilitation at any future hearings regarding his status as an attorney.

IT IS FURTHER ORDERED that full reinstatement will not be granted for a period of three years and then only in accordance with procedures set forth in Rule 17–214(G).

IT IS FURTHER ORDERED that this opinion shall be published in both the *New Mexico Reports* and in the State Bar of New Mexico *Bar Bulletin.*

The costs of these proceedings in the amount of $1,429.84 are assessed against Ayala and must be paid to the Disciplinary Board within one year from the date of this opinion.

IT IS SO ORDERED.