This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                  **NO. 30,061**

**STEVEN PEREA VALDEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldrige, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals his convictions for two counts of aggravated assault with a deadly weapon after a jury trial. We issued a calendar notice proposing to summarily affirm. Defendant filed a memorandum in response and a motion to amend the

docketing statement with a new issue. After due consideration, we deny the motion to amend and affirm.

**DISCUSSION**

**Evidentiary Issue**

Defendant argues that the district court erred in admitting photographs of the victims' injuries and testimony from the victims describing those injuries to demonstrate that Defendant ran into the victims with his vehicle. [DS 1-2, 4-5, 6; MIO 5-9] Defendant argues that he objected to the admission of the evidence because it was either irrelevant or unfairly prejudicial to the assault charges. [MIO 5-9]

"We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. Evidence is not admissible if it is not relevant. Rule 11-402 NMRA. Relevant evidence is that which tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 11-401 NMRA. Even relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury." Rule 11-403 NMRA. "In determining whether the [district] court has abused its discretion in applying Rule 11-403, the appellate court considers

the probative value of the evidence, but the fact that some jurors might find this evidence offensive or inflammatory does not necessarily require its exclusion[.]" *State v. Rojo*, 1999-NMSC-001, ¶ 48, 126 N.M. 438, 971 P.2d 829 (citations omitted). "Determining whether the prejudicial impact of evidence outweighs its probative value is left to the discretion of the [district] court." *Id.* (alteration in original) (internal quotation marks and citation omitted).

Defendant argues that the evidence in question is not relevant to the offense of aggravated assault and should have been excluded under Rule 11-402. [DS 4-5; MIO 7-8] The offense of aggravated assault consists of "unlawfully assaulting or striking at another with a deadly weapon." *See* NMSA 1978, § 30-3-2(A) (1963). The offense is proscribed because it puts the victim in fear. *See State v. Cowden*, 1996-NMCA-051, ¶ 12, 121 N.M. 703, 917 P.2d 972. Although Defendant does not provide us with a clear understanding of the relevant facts, the jury instructions in the record indicate that the State sought to prove that Defendant was guilty of aggravated assault because (1) he struck or threatened the victims with his automobile, (2) his conduct caused the victims to believe that Defendant was about to intrude on the victims' bodily integrity or personal safety by touching or applying force to the victims in a rude, insolent or angry manner, (3) a reasonable person would have the same belief, and (4) an automobile is a deadly weapon. [RP 67, 70] *See* UJI 14-305 NMRA.

Defendant contends that aggravated assault does not require an actual application of force or touching with intent to injure and that the jury instructions were misleading because Defendant only needed to strike at and not actually strike or apply force to the victims. [MIO 7] Thus, Defendant argues, photographs and testimony about injuries were irrelevant to the charges of aggravated assault. [Id.]

We are not persuaded. Under these circumstances, evidence that Defendant struck the victims with his vehicle and caused minor injuries could be perceived by the jury to be part of the threat to the victims. Simply because Defendant actually struck the victims once does not mean that the threat was over. Thus, evidence that Defendant struck or threatened the victims with his vehicle is relevant to whether Defendant's actions caused the victims to reasonably believe that Defendant was still about to intrude on the victims' bodily integrity or personal safety. Accordingly, we hold that the evidence was relevant to the offense of aggravated assault with a deadly weapon.

Because the evidence is relevant to the offense of aggravated assault, we are not persuaded that the testimony of the witnesses that Defendant ran into them with his vehicle was unfairly prejudicial. [DS 4-5; MIO 8-9] Defendant argues that "photographs of injuries sustained from contact with an automobile, coupled with what can only be presumed as emotional testimony from the victims about their

4

injuries, served no other purpose than as an improper appeal to the emotions of jurors." [MIO 9] Defendant also argues that when jurors are told that a victim is in fact injured, a guilty verdict for assault is all but certain. [Id.] Contrary to Defendant's assertions, we do not perceive testimony from the victims about being struck or threatened by a vehicle as unduly prejudicial as it directly related to the reasons that the victims were put in fear by Defendant's conduct. *See Cowden*, 1996-NMCA-051, ¶ 12. In addition, Defendant claims in his docketing statement that the photographs showed no injuries other than one minor scrape. [DS 5] Defendant's argument that the photographs did not show a great deal of injury undermines his claim that the evidence was unduly prejudicial.

We therefore reject Defendant's evidentiary challenge.

**Motion to Amend**

Defendant seeks to amend the docketing statement with a new issue. [MIO 9-12 ] A motion to amend the docketing statement may only be granted if it is timely, and if the issues are viable. *See State v. Moore*, 109 N.M. 119, 128-30, 782 P.2d 91, 100-102 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Defendant argues that he received the proper uniform jury instruction for aggravated assault but that the instruction nonetheless contained erroneous language.

5

[MIO 9-13] Defendant contends that the language in the first element of the jury instruction described the unlawful act, threat, or menacing conduct improperly by requiring the jury to find that Defendant "struck or threatened" the victims with an automobile. [Id. 11] Defendant contends that the jury should not have been issued the same jury instruction on aggravated assault as that used in the first trial. [Id. 12] Next, Defendant contends that the unlawful act, threat, or menacing conduct was "striking at" the two victims, not "striking" the two victims. [Id.] As with the first issue, Defendant contends that aggravated assault does not require an actual application of force or touching with intent to injure. [Id.]

Defendant concedes that the alleged error in the jury instructions was not raised at trial and asks this Court to review for fundamental error. [Id. 12-13] *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (noting that if an error in the jury instructions has not been preserved, we review for fundamental error). In reviewing for fundamental error, "we seek to determine whether a reasonable juror would have been confused or misdirected by the jury instruction." *Id.*

Defendant contends that the jury instruction was unclear because the question for the jury was whether Defendant struck at the victims in this case, not whether he actually struck them. [MIO 13] We are not persuaded that the jury instruction was erroneous or that it led to juror confusion. We believe the instruction clearly

6

described the unlawful act, threat, or menacing conduct by requiring the jury to find that Defendant struck or threatened the victims with his vehicle. [RP 67, 70] In addition, the jury instructions required the jurors to find that the conduct caused the victims to believe that Defendant was about to intrude on their bodily integrity or personal safety by touching or applying force to the victims in a rude, insolent, or angry manner, and that a reasonable person would have the same belief. [Id.]

Defendant does not persuade us that fundamental error occurred. Thus, we conclude that the issue is not viable. Accordingly, we deny Defendant's motion to amend the docketing statement.

**Habitual Offender Proceedings**

Defendant argues that the district court erred in finding the State established a prima facie case that Defendant had committed two prior felonies in the habitual offender proceedings. [DS 6; MIO 13-16] Defendant now raises this issue pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 16]

In order to obtain a sentencing enhancement under the habitual offender statute, the State must prove by a preponderance of the evidence that the defendant has prior convictions. *See State v. Clements*, 2009-NMCA-085, ¶ 22, 146 N.M. 745, 215 P.3d 54. The State bears the initial burden of establishing a prima facie case of a

defendant's previous convictions; the defendant is then entitled to bring forth contrary evidence. *See State v. Sedillo*, 2001-NMCA-001, ¶ 5, 130 N.M. 98, 18 P.3d 1051 (filed 2000). In order to make a prima facie case, the State must offer proof of all three elements: identity, conviction, and timing. *See Clements*, 2009-NMCA-085, ¶ 22. The State ultimately bears the burden of demonstrating the validity of the prior convictions. *Id.* "In determining whether the evidence supports a criminal charge, this Court views the evidence in the light most favorable to the [s]tate." *Sedillo*, 2001-NMCA-001, ¶ 6.

In our calendar notice, we noted that the docketing statement indicated that the State sought to enhance Defendant's sentence as an habitual offender by presenting uncertified copies of pleadings filed with respect to a prior conviction for aggravated battery with a deadly weapon in Cause No. CR-98-187. [CN 5-6] In addition, the State submitted a plea and disposition agreement for a second prior offense in Cause No. CR-2006-1056, in which Defendant admitted to the aggravated battery in CR-98-187. [Id.] However, the plea and disposition agreement in CR-2006-1056 gave the wrong dates for the conviction and offense in CR-98-187. [Id.] Defendant objected that the State did not make a prima facie case as to CR-98-187 because uncertified copies in that cause combined with the inaccurate admission in the plea and disposition agreement in CR-2006-1056 did not adequately prove the necessary

8

elements of the prior conviction of aggravated battery. [Id.] Due to the inaccurate dates, Defendant argued that the timing element was not met because there was no evidence of when Defendant's sentence began and ended. [Id.]

In our calendar notice, we stated that we would be inclined to agree with Defendant that the district court erred in enhancing Defendant's sentence if it relied on uncertified pleadings and a deficient plea and disposition agreement as proof of Defendant's prior convictions. [CN 6-7] However, we were not persuaded that the district court erred in concluding that the State met its burden because it appeared that the State subsequently filed certified copies of the plea and disposition agreement and the judgment and sentence filed in CR-98-187. [Id.] We presumed that these certified copies were required by the district court and that they contained accurate dates of the offense and conviction that matched the dates in the amended supplemental criminal information. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error). Thus, we proposed to hold that by submitting the certified copies the State was able to demonstrate that all the necessary elements were met to prove the validity of the prior conviction, including that it was timely. [CN 8]

Defendant's response does not dispute our presumption that the State subsequently submitted certified copies of the necessary pleadings or that they contained accurate dates. Instead, Defendant maintains, pursuant to *Franklin* and *Boyer*, that there is no evidence in the record as to when Defendant completed his serving his sentence in CR-98-187. As it appears to be undisputed, however, that Defendant was convicted in CR-98-187 on May 28, 1999, we reject Defendant's argument. The date of the conviction establishes that Defendant's prior conviction occurred less than ten years before his conviction in this case, which occurred on September 18, 2008. We therefore affirm the district court's sentencing.

**CONCLUSION**

For these reasons, and those in the calendar notice, we affirm Defendant's convictions and sentence.

**IT IS SO ORDERED.**

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**TIMOTHY L. GARCIA, Judge**